FILED

APR 09 2013

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

Julie Baker Zalloum
217 River Village Drive
Debary, Florida 32713
Debtor/Pro se
407-467-0161

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT, ORLANDO DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 ADVERSARY PROCEEDING |
| | ) | |
| Julie Baker Zalloum, | ) | CASE NO. CASE NO.: 13-04030-6A3 |
| | ) | |
| Debtor | ) | MOTION FOR SANCTIONS AND DAMAGES |
| | ) | FOR AUTOMATIC STAY VIOLATION |
| | ) | |
| | ) | |
| _____ | ) | |

### JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to *28 U.S.C. §§ 157 and 1334, 1334(a) and 1334(b)*. Subject-Matter Jurisdiction is also conferred by the "arising under," "arising in" and or related to Bankruptcy Jurisdiction.

2. This matter is a "core" proceeding pursuant to *Rule 7008, Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 157, 157(b)(2)*.

3. The relief requested in this matter is authorized under the Bankruptcy Code, automatic Stay Provision *11 U.S.C.A. §§ 362, 362(h)*.

4. Debtor reserves the right to seek relief for other causes of action as a result of the violations of the automatic stay.

5. The Debtor/Plaintiff moves the court for an award of damages against non-creditor third parties RIVER OAKS COMMUNITY SERVICES ASSOCIATION INC. , Erin A. Zebell of the Law Firm Wean & Malchow P.A., County Court Judge Shirley A. Green, Judicial Assistant for Judge Green named "Trish" and unknown John and Jane Doe(s), for violations of the automatic stay.

1

6. The debtor's filing of her chapter 13 bankruptcy petition on April 3rd 2013 gave rise to an "automatic stay". **11 U.S.C. § 362(a**

7. The Debtor has the burden to establish Respondents violated the automatic stay and their violation was willful. Hardy v. I.R.S. (In re Hardy), 97 F.3d 1384, 1390 (11th Cir. 1996). The automatic stay of 11 U.S.C. Section 362(a) arose on the Petition Date by operation of law enjoining all entities from:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> …..
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.
> . . .

8. Pursuant to 11 U.S.C. § 362(a)(1),362(a)(6)., Property of the estate is defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

9. Respondents have not sought stay relief. The automatic stay of Section 362(a) continues to be in full force and effect.

10. Section 362(k)(1) of the Bankruptcy Code provides for the imposition of sanctions where a stay violation is willful:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11. Pursuent to 11 U.S.C. § 362(k)(1). A "willful violation" of the automatic stay occurs when the creditor "(1) knew the automatic stay was invoked and (2) intended the actions which violated the stay."

12. Sanctions are appropriate pursuant to the Court's inherent powers where the stay violator acted in bad faith. Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1576 (11th Cir. 1995). Sanctions are warranted where a continuing violation of the automatic stay

2

occurs after the creditor received notice of the bankruptcy case. Matter of Maas, 69 B.R. 245, 247 (Bankr. M.D. Fla. 1986). The failure to remedy or undo a stay violation after receiving notice of a bankruptcy case constitutes a willful violation. Id.

13. Respondents had notice of the Debtors' bankruptcy case from its onset. Zebell and Judge Green's Judicial Assisatnt engaged in on-going communications with Debtors' trial case counsel and her spouse during the pendency of the bankruptcy case.

14. Respondent is self-represented in this case. Zebell,, Judge Green and Trish knew the automatic stay arose on the Petition Date and is in full force and effect.

15. Respondents, despite this knowledge, continued to pursue a hearing on a Final Judgment declaring the lien superior to Debtor's spouse interest in the property.

16. Zebell proceeded with an Ex Parte Motion against the Property. Judge Green entered an Order perfecting a lien against the Property in Favor of RIVER OAKS COMMUNITY SERVICES ASSOCIATION INC.

17. Respondents' continued pursuit of a Final Judgment against Debtor and the Property was in violation of the automatic stay. 11 U.S.C. §§ 362(a)(1), 362(a)(6). They did not withdraw the Motion for Final Judgment and did not cancel the hearing on the Motion for Final Judgment after the Debtor filed the Suggestion of Bankruptcy in the trial court case.

18. Their failure to withdraw the Motion for Final Judgment constitutes an on-going violation of the automatic stay.

19. Respondents knew the automatic stay was invoked and intended the actions which violated the stay.

20. They knowingly and intentionally violated the automatic stay and are in contempt of Court with respect to the Final Judgment proceedings in the Foreclosure Action. Jove Eng'g, Inc. v. I.R.S. (In re Jove), 92 F.3d 1539,1555; Maas, 69 B.R. at 247. Their actions are void and without effect. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982).

21. Section 362(k) provides for an award of actual damages incurred by a debtor as the result of a willful stay violation. The Courts have uniformly held a debtor seeking an award of sanctions must establish she suffered actual damages as a result of the stay violation. In re Hutchings, 348 B.R. 847, 897-901 (Bankr. N.D. Ala. 2006) (providing a

comprehensive overview of cases requiring debtor to establish actual damages). "[A]bsent proof of injury, a technical violation of the stay, no matter how willful, is not enough to support an award of damages." In re Palumbo Family Ltd. P'ship, 182 B.R. 447, 471 (Bankr. E.D. Va. 1995).

22. Debtors have incurred attorney's fees as actual damages as a direct result of Respondents' willful stay violations.

23. Debtor has suffered emotional distress, aggravation, and inconvenience, which injuries are readily apparent. The circumstances surrounding Respondents' stay violation make it obvious a reasonable person would suffer emotional harm. Dawson v. Washington Mut. Bank, F.A. (In re Dawson), 390 F.3d 1139, 1151 (9th Cir. 2004).

24. Section 362(k) provides for an award of punitive damages in appropriate circumstances. Respondents' actions warrant the imposition of sanctions commensurate with the degree of their stay violation. They willfully violated the automatic stay in the Foreclosure Action by pursuing a Partial Final Judgment against the property of the bankruptcy estate which perfected the Lien on the property. Zebell and Judge Green refusal to withdraw the matter from the State Court docket. acted cavalierly with total disregard of the automatic stay and without consulting Debtor.

25. Respondents' actions were more than mere technical violations of the automatic stay,

26. Respondents were aware of the automatic stay and acted imprudently. Sanctions should be imposed against Respondents, jointly and severally, pursuant to 11 U.S.C. Section 362(k), 11 U.S.C. Section 105(a), and the Court's inherent powers.

WHEREFORE, the debtor requests actual damages, including costs and attorney fees, punitive damages, and whatever further damages this Court deems just, equitable and appropriate. The debtor also reserves the right for other remedies and causes of action that might be available.

Respectively submitted this 9th day of April 2013.

By: _____
Julie Baker Zalloum
Debtor/Pro Se

4

Willful Automatic Stay Violators

RIVER OAKS COMMUNITY SERVICES ASSOCIATION INC.
646 E. Colonial Drive
Orlando, Florida 32803
Non-Creditor

Shirley A. Green
County Court Judge
Volusia County
124 N. Riverside Drive
New Smyrna Beach, Florida 32628
Non-Creditor

Trish
Judicial Assistance for County Judge Shirley A. Green
124 N. Riverside Drive
New Smyrna Beach, Florida 32628
Non-Creditor